PATTERSON, TERRY B., Associate Judge.
This cause is here on appeal from an order of the probate judge of Palm Beach County dismissing a petition for revocation of the will of O. C. Brown on the ground that it was procured by appellee by undue influence. The facts of the case are set out in the probate judge’s order. Based upon voluminous evidence taken at the trial, the probate judge entered the order appealed from as follows:
“On September 6, 1958, O. C. Brown died in Palm Beach County, Florida, leaving a Last Will and Testament dated April 30, 1958. The will was admitted to probate and record in this Court on the 17th day of September, 1958. The deceased was survived by his widow who is his heir-at-law. His entire estate was left under the will to his widow, Alice J. Brown.
Nellie Brown Siddens, Walter E. Brown and Georgie Gienau, two sisters and brother of decedent, joined in objections to probate on January 9, 1959, and amended objections to probate February 19, 1959, of the will which was filed in this Court on the 17th day of September, 1958. As grounds for revocation the petitioners recite that the deceased was in such mental condition that the will of Alice J. Brown, his widow, had been substituted for the will of decedent at the time of the execution of the last Will and Testament of decedent, and at said time decedent was unduly influenced by his widow, Alice J. Brown. Petition further recites that the execution of said will was procured and obtained by the principal beneficiary, Alice J. Brown, by the exercise of undue influence on the decedent. Respondent, Alice J. Brown, individually and as executrix, filed a specific and general denial of the averments of the petition. This cause came on for trial beginning on the 4th day of March, 1959, and extensive testimony was presented upon behalf of the parties. It appeared from the evidence that Alice J. Brown and decedent were not married at the time of the execution of the will.
It is the opinion of this Court, after considering the testimony, argument of counsel and the briefs and memorandums sub *704 mitted by counsel, that there is no substantial evidence to support the allegation of undue influence, and that petitioners have otherwise failed to carry the burden cast upon them by the statute in showing the lack of testamentary capacity on the part of deceased at the time of execution of said will. We find the testimony here presented on petitioners’ behalf falls far short of establishing undue influence upon this decedent by Alice J. Brown. As was stated by Chief Justice Chapman in the case of In re Peters’ Estate, 155 Fla. 453, 20 So.2d 487, 492:
“Undue influence contemplates over-persuasion, coercion, or force that destroys or hampers the free agency and will power of a testator. Mere affection or attachment or a desire to gratify the wishes of one highly esteemed, respected or trusted may not of itself amount to undue influence affecting the testamentary capacity of a testator. See Newman v. Smith, 77 Fla. 633, 82 So. 236. To authorize a court to deny or revoke the probate of a will on the ground of undue influence there must be active use of such influence for the purpose of securing the execution of the will to such an extent as to coerce the mind of the testator, so that it cannot be said that the testator was acting voluntarily of his or her own free will and volition.”
It has not been made to appear from the testimony that the testator was of unsound mind or that he was unduly influenced by Alice J. Brown at the time of the execution of his Last Will and Testament.
We have carefully examined the record of this cause and find that the order appealed from is substantially supported by the evidence.
The second assignment of error questions the exclusion from the evidence of the deposition of appellee who is accused of exerting the undue influence. We have carefully read the proffered deposition and find that there is nothing in it that could, by any view of it taken by the probate judge, have altered his ultimate conclusion. If its exclusion was error, which we do not decide, the error was harmless.
The order appealed from is affirmed.
ALLEN, C. J., and KANNER, J., concur.